**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

LEON CREWS, on behalf of himself individually and all others similarly situated

                    plaintiff,

-against-

TIBURON FINANCIAL, LLC. and I.C. SYSTEM, INC.

                    defendants.

------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 12 2011 ★
BROOKLYN OFFICE

Case No.

**SUMMONS ISSUED**

**CLASS ACTION COMPLAINT**

VITALIANO, J

GO, M.J.

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

1. This is an action brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL") §349 regarding defendants' deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant Tiburon is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a foreign limited liability company incorporated in Nebraska. Tiburon uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

4. Upon information and belief, defendant I.C. System is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a foreign business corporation incorporated in Minnesota. I.C. System uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

6. That plaintiff re-alleges paragraphs 1 to 5 as if fully re-stated herein.

7. That by letter dated August 3, 2010, I.C. System wrote to plaintiff in an attempt to collect a consumer debt alleged to be in default. Said letter stated that it was regarding "Chase".

8. That, upon plaintiff's receipt of the said letter, plaintiff conferred with his attorneys at Fagenson & Puglisi. Thereafter, Concetta Puglisi, Esq., of Fagenson & Puglisi sent a letter dated October 5, 2010 to I.C. System, informing I.C. System that plaintiff was disputing the consumer debt alleged to be owed by plaintiff and that Fagenson & Puglisi represents plaintiff. Plaintiff's attorneys also requested in the said letter that plaintiff not be contacted directly concerning the debt.

9. That, subsequently, following I.C. System's receipt of Fagenson & Puglisi's dispute letter, defendant Tiburon commenced collecting the same debt on behalf of "Chase".

10. That Tiburon sent a collection letter directly to plaintiff at his home in an attempt to collect the debt. Said letter was Tiburon's first written communication to plaintiff.

11. That said letter from Tiburon stated that it was "Re: Chase"

### ALLEGATIONS AGAINST I.C. SYSTEM, INC.

COUNT ONE
FDCPA, §§1692d, 1692e, 1692e(8) and 1692e(10)

12. Plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13. That I.C. System did not inform "Chase" that plaintiff was represented by counsel in the matter of the collection of the debt.

14. That I.C. System did not inform "Chase" that plaintiff disputed the debt.

15. That I.C. System is therefore in violation of the FDCPA, §§1692d, in that the said failure of I.C. System to inform "Chase" that plaintiff was represented by counsel and that plaintiff was disputing the debt had the natural consequence of causing "Chase" to assign the debt to Tiburon which then sent plaintiff a collection letter at his home, resulting in plaintiff suffering emotional distress, anxiety, harassment, abuse and oppression.

16. That I.C. System is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that the said failure of I.C. System to inform "Chase" that plaintiff was represented by counsel and that plaintiff was disputing the debt constitutes a deceptive

and misleading means to attempt to collect a debt.

17. That I.C. System is, further, in violation of the FDCPA, §§1692e(8) in that the said failure of I.C. System to inform "Chase" that plaintiff was represented by counsel and that plaintiff was disputing the debt constitutes a failure to communicate that a disputed debt is disputed.

## COUNT TWO
## NYBGL, §349(h)

18. Plaintiff re-alleges paragraphs 1 to 17 as if fully re-stated herein.

19. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

20. That I.C. System's deceptive and misleading acts and practices were consumer-oriented, in that I.C. System is a collector of consumer debts incurred principally or wholly by natural persons.

21. That, on information and belief, I.C. System causes thousands of collection letters to be mailed to natural persons within New York State each year because of its pattern of failing to inform its creditors that the debtor disputes the debt and that the debtor is represented by an attorney.

22. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letter from Tiburon despite his attorney's letter to I.C. System that he should not be contacted directly.

23. That I.C. System improperly failed and/or refused to inform "Chase" that plaintiff disputed the debt and that plaintiff was represented by an attorney, and in so doing violated NYGBL §349.

24. That I.C. System is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against I.C. System as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining I.C. System from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## ALLEGATIONS AGAINST TIBURON

### COUNT THREE
### FDCPA, §§1692c(a)(2), 1692d, 1692e and 1692e(10)

25. Plaintiff re-alleges paragraphs 1 to 24 as if fully re-stated herein.

26. That, as and for an alternative, I.C. System did inform "Chase" that plaintiff was represented by an attorney and that plaintiff disputed the debt.

27. That "Chase" did inform Tiburon that plaintiff was represented by an attorney and that plaintiff disputed the debt at the time "Chase" assigned the debt to

Tiburon for collection.

28. That, despite "Chase" having informed Tiburon of plaintiff's representation and of plaintiff's dispute of the debt, Tiburon nonetheless sent the collection letter to plaintiff at his home.

29. That Tiburon is therefore in violation of the FDCPA, §§1692c(a)(2), in that Tibruon contacted plaintiff with full actual knowledge that he was represented by counsel in the matter of the collection of the debt.

30. That, in any event, Tiburon had a duty to inquire of "Chase" whether plaintiff was represented by counsel, upon being assigned the account for collection.

31. That Tiburon did not carry out said duty.

32. That, as a result of Tiburon's said improper conduct in contacting plaintiff directly, Tiburon is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that Tiburon's conduct in sending the collection letter directly to plaintiff knowing that he was represented by counsel and that he was disputing the debt constitutes a deceptive and misleading means to attempt to collect a debt.

33. That Tiburon is, further, in violation of the FDCPA, §1692d in that it sent the collection letter to plaintiff at his home, well knowing that he was represented by counsel, and in doing so Tiburon caused plaintiff to suffer emotional distress, anxiety, harassment, abuse and oppression.

## COUNT FOUR
## FDCPA §§1692e, 1692e(10) and 1692g(a)(2)

34. That plaintiff re-alleges paragraphs 1 to 33 as if fully re-stated herein.

35. That the said letter from Tiburon violates the FDCPA, including but not limited to §1692g(a)(2), in that the letter does not identify the creditor to whom the debt is owed.

36. That the letter's reference to "Chase" is too vague, as "Chase" could refer to any one of a number of affiliated and unaffiliated entities colloquially referred to as "Chase", for example "*Chase Home Finance, LLC*", "*JP Morgan Chase Bank, N.A.*", "*Chevy Chase, F.S.B.*", "*J.P. Morgan Chase National Corp. Services, Inc.*," and "*Chase Bank, USA, N.A.*".

37. That neither plaintiff nor the least sophisticated consumer would know which "Chase" is alleged to be owed the debt sought to be collected.

38. That, as a result of Tiburon's said insufficient identification of the creditor to whom the debt is owed, defendant is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's said letter constitutes a deceptive and misleading means used in an attempt to collect a debt.

## COUNT FIVE
## NYBGL, §349(h)

39. Plaintiff re-alleges paragraphs 1 to 38 as if fully re-stated herein.

40. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

41. That Tiburon's deceptive and misleading acts and practices were consumer-oriented, in that Tiburon is a collector of consumer debts incurred principally or wholly by natural persons.

42. That, on information and belief, Tiburon has a pattern of mailing thousands of collection letters directly to natural persons within New York State each year knowing that said persons are represented by an attorney in connection with the debts it seeks to collect.

43. That Tiburon also has a pattern of insufficiently or inadequately identifying in its collection letters to consumers the creditor on behalf of whom it attempts to collect debts.

44. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letter from Tiburon despite his attorney's letter requesting that he should not be contacted directly.

45. That Tiburon therefore violated NYGBL §349.

46. That Tiburon is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

47. That plaintiff re-alleges paragraphs 1-46 as if fully re-stated herein.

48. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant Tiburon's records reflect resided in the United States and who were sent a collection letter (a) bearing the Tiburon's letterhead in substantially the same form as the letter sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

> The Class shall be defined as follows: *All natural persons to whom were sent by Tiburon Financial, LLC. at an address within the United States a notice for the collection of a consumer debt, which notice contains the statement, in sum or substance: " Re: Chase" or which identifies the creditor of the debt only as "Chase".*

The class does not include Tiburon and any person, firm, trust, corporation or other entity related to or affiliated with Tiburon, including, without limitation, persons who are officers, directors, employees, associates or partners of Tiburon.

49. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have

received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an insufficient identification of the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

50. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

51. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(1)(A) or 23(b)(3) of the Federal Rules of Civil Procedure.

52. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

53. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant Tiburon as follows:

(a) certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e) enjoining defendant from committing further deceptive acts and practices against plaintiff pursuant to NYGBL §349;

(f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 29, 2011.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com